LODGED

☐ ORIGINAL

1 | WILLIAM BLUMENTHAL
General Counsel

2000 AUG 13 AM 10: 48

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

JS-6

2 | 

3 | CHRISTINE J. LEE (CA Bar No. 211462)
THEODORE H. HOPPOCK
GREGORY W. FORTSCH

4 | Federal Trade Commission
600 Pennsylvania Avenue NW, NJ-3212

5 | Washington, DC 20580
Phone: 202-326-2095 (Lee), -3087 (Hoppock), -3617 (Fortsch)

6 | Fax: 202-326-3259

7 | [LOCAL COUNSEL]
Federal Trade Commission

8 | 10877 Wilshire Boulevard, Suite 700
Los Angeles, CA 90024

9 | Phone: (310) 824-4343
Fax: (310) 824-4380

10 | 

11 | Attorneys for Plaintiff
Federal Trade Commission

12 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

13 | 

VAP

14 | FEDERAL TRADE COMMISSION, **CV   08   -   05300**

PA (FMOX)

15 | Plaintiff,

16 | v.

17 | AIRBORNE HEALTH, INC., also d/b/a AIRBORNE, INC., also d/b/a KNIGHT-MCDOWELL LABS; AIRBORNE

**STIPULATED FINAL JUDGMENT AND ORDER FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

18 | HOLDINGS, INC.; VICTORIA KNIGHT-MCDOWELL, also d/b/a AIRBORNE,

19 | INC., also d/b/a KNIGHT-MCDOWELL LABS; and THOMAS JOHN

20 | MCDOWELL, a/k/a RIDER MCDOWELL, also d/b/a AIRBORNE, INC., also d/b/a

21 | KNIGHT-MCDOWELL LABS;

22 | Defendants.

23 | 

24 | Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a

25 | Complaint for Injunctive and Other Equitable Relief against Defendants Airborne Health,

26 | Inc., also d/b/a Airborne, Inc., also d/b/a Knight-McDowell Labs; Airborne Holdings, Inc.;

1  Victoria Knight-McDowell; and Thomas John McDowell, pursuant to Section 13(b) of the

2  Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging deceptive acts or

3  practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15

4  U.S.C. §§ 45(a) and 52.

5      The Commission and Defendants Airborne Health, Inc., also d/b/a Airborne, Inc.,

6  also d/b/a Knight-McDowell Labs; Airborne Holdings, Inc.; Victoria Knight-McDowell; and

7  Thomas John McDowell (collectively, "Defendants"), without Defendants admitting or

8  denying liability for any of the conduct alleged in the Complaint, have stipulated to entry of

9  the following agreement for permanent injunction and settlement of claims for monetary

10  relief in settlement of the Commission's allegations against Defendants.

11      The Court, having been presented with this Stipulated Final Judgment and Order for

12  Injunctive and Other Equitable Relief ("Order"), finds as follows:

13                          **FINDINGS**

14      1.     This Court has jurisdiction over the subject matter of this case and jurisdiction

15  over all parties.  Venue in the Central District of California is proper.

16      2.     The acts and practices of Defendants are in or affecting commerce, as defined

17  in Section 4 of the FTC Act, 15 U.S.C. § 44.

18      3.     The Complaint states a claim upon which relief can be granted under Sections

19  5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and the Commission has the

20  authority to seek the relief it has requested.

21      4.     Defendants waive all rights to seek judicial review or otherwise challenge or

22  contest the validity of this Order.  Defendants also waive any claim that they may have held

23  under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this

24  action to the date of this Order.

25      5.     This Order reflects the negotiated agreement of the Commission and

26  Defendants, and Defendants have entered into this Order freely and without coercion.

-2-

6.     The Commission and Defendants stipulate and agree to entry of this Order under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), without trial or final adjudication of any issue of fact or law to settle and resolve all matters of dispute arising from the conduct alleged in the Complaint to the date of this Order.  This stipulation is for settlement purposes only and nothing contained in this Order shall constitute, nor shall be construed as, an admission of fact, except for jurisdictional facts, or a finding that any law has been violated or of any other wrongdoing by Defendants.

7.     This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

8.     Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

9.     Nothing in this Order obviates the obligation of Defendants to comply with Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52.

10.     The Commission's action against Defendants is an exercise of the Commission's police or regulatory power as a governmental unit.

11.     The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance, and no paragraph serves to modify another paragraph unless expressly so stated.

12.     Each party shall bear its own costs and attorneys' fees.

13.     Entry of this Order is in the public interest.

14.     The Plaintiff and Defendants, by and through their counsel, have agreed that entry of this Order resolves all matters in dispute between them arising from the facts and circumstances alleged in the Complaint in this action, up to the date of entry of this Order.

# ORDER

## DEFINITIONS

1.     "Defendants" shall mean

    a.     Airborne Health, Inc., also d/b/a Airborne, Inc., also d/b/a Knight-McDowell Labs ("Airborne Health") and its divisions, parents, subsidiaries, successors, and assigns;

    b.     Airborne Holdings, Inc. ("Airborne Holdings") and its divisions, parents, subsidiaries, successors, and assigns;

    c.     Victoria Knight-McDowell ("Knight-McDowell"), also d/b/a Airborne, Inc., also d/b/a Knight-McDowell Labs; and

    d.     Thomas John McDowell ("McDowell"), also d/b/a Airborne, Inc., also d/b/a Knight-McDowell Labs.

2.     "Corporate Defendants" shall mean Airborne Health and Airborne Holdings.

3.     "Individual Defendants" shall mean Knight-McDowell and McDowell.

4.     "Advertising" and "promotion" shall mean any written or verbal statement, illustration, or depiction designed to effect a sale or create interest in the purchasing of goods, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), the Internet, email, press release, video news release, or in any other medium.

5.     "Commerce" shall mean as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.     "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant

1   area, that has been conducted and evaluated in an objective manner by persons qualified to

2   do so, using procedures generally accepted in the profession to yield accurate and reliable

3   results.

4         7.     "Airborne Original" shall mean orange-flavored Airborne Original

5   Effervescent Health Formula, Airborne Lemon-Lime Effervescent Health Formula, and

6   Airborne Pink Grapefruit Effervescent Health Formula.

7         8.     "Airborne Products" shall mean Airborne Original, Airborne Jr. Effervescent

8   Health Formula, Airborne On-the-Go, Airborne Power Pixies, and Airborne Nighttime

9   Effervescent Health Formula.

10        9.     "Covered Product" shall mean any dietary supplement, food, or drug,

11   including, but not limited to, the Airborne Products.

12        10.    "Endorsement" shall mean "endorsement" as defined in 16 C.F.R. § 255.0(b).

13        11.    "Food" and "drug" shall mean "food" and "drug" as defined in Section 15 of

14   the FTC Act, 15 U.S.C. § 55.

15        12.    "Commission" shall mean the Federal Trade Commission.

16        13.    A requirement that Defendants "notify," "furnish," "provide," or "submit" to

17   the Commission shall mean that Defendants shall send the necessary information via

18   **overnight courier**, costs prepaid, to:

19               Associate Director for Enforcement
                  Federal Trade Commission
20              600 Pennsylvania Avenue, N.W.
                  Washington, DC 20580
21              Attn: *FTC v. Airborne Health Inc., et al.* (C.D. Cal.).

22        14.    The terms "and" and "or" in this Order shall be construed conjunctively or

23   disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than

24   exclusive.

25        15.    The term "including" in this Order shall mean "including without limitation."

26

1    16.    The term "Wilson Class Action" shall mean the action entitled *Wilson v.*

2    *Airborne, Inc. et al.*, Case No. EDCV 07-770 VAP (Opx) (C.D. Cal.).

3

<div align="center">

**I.**

**PROHIBITED REPRESENTATIONS**

**REGARDING COVERED PRODUCTS**

</div>

6    IT IS HEREBY ORDERED that Defendants, directly or through any corporation,

7 partnership, subsidiary, division, trade name, or other device, and their officers, agents,

8 servants, employees, and all persons or entities in active concert or participation with them

9 who receive actual notice of this Order, by personal service or otherwise, in connection with

10 the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of

11 any Covered Product, in or affecting commerce, are hereby permanently restrained and

12 enjoined from making, or assisting others in making, directly or by implication, including

13 through the use of a product name, endorsement, depiction or illustration, any representation:

14    A.    That such product:

15        1.    Reduces the risk of or prevents colds, sickness, or infection;

16        2.    Protects against or helps fight germs;

17        3.    Reduces the severity or duration of colds; or

18        4.    Protects against colds, sickness, or infection in crowded places such as

19                airplanes, offices, or schools;

20 unless the representation is true, not misleading, and, at the time it is made, Defendants

21 possess and rely upon competent and reliable scientific evidence that substantiates the

22 representation.

23    B.    About the efficacy or health-related benefits of any Covered Product,

24 unless the representation is true, not misleading, and, at the time it is made, Defendants

25 possess and rely upon competent and reliable scientific evidence that substantiates the

26 representation.

<div align="center">

-6-

</div>

1      *Provided however,* that Defendant Airborne Health may continue to deplete its

2      existing inventory of Airborne Products plastic tube packaging. *Provided further*, that

3      Airborne Health may continue to deplete its existing inventory of Airborne Products paper

4      cartons and display trays specified in Attachments A1 and A2, for a period of 90 days after

5      the entry of this Order, or until October 31, 2008, whichever is sooner. Airborne Health may

6      not ship any existing inventory of Airborne Products packaging not specified in this Part

7      after the date of entry of this Order.

8      **II.**

9      **PROHIBITED REPRESENTATIONS**

10      **REGARDING TESTS OR STUDIES**

11      IT IS FURTHER ORDERED that the Individual Defendants, directly or through any

12      corporation, partnership, subsidiary, division, trade name, or other device, and their officers,

13      agents, servants, employees, and all persons or entities in active concert or participation with

14      them who receive actual notice of this Order, by personal service or otherwise, in connection

15      with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or

16      distribution of any Covered Product, in or affecting commerce, are hereby permanently

17      restrained and enjoined from misrepresenting, in any manner, expressly or by implication,

18      including through the use of any product name or endorsement, the existence, contents,

19      validity, results, conclusions, or interpretations of any test, study, or research.

20      **III.**

21      **FDA-APPROVED CLAIMS**

22      IT IS FURTHER ORDERED that:

23      A.      Nothing in this Order shall prohibit Defendants from making any

24      representation for any drug that is permitted in labeling for such drug under any tentative or

25      final standard promulgated by the Food and Drug Administration, or under any new drug

26      application approved by the Food and Drug Administration; and

-7-

1          B.      Nothing in this Order shall prohibit Defendants from making any

2    representation for any product that is specifically permitted in labeling for such product by

3    regulations promulgated by the Food and Drug Administration pursuant to the Nutrition

4    Labeling and Education Act of 1990.

5    <div align="center">**IV.**</div>

6    <div align="center">**MONETARY JUDGMENT AND CONSUMER REDRESS**</div>

7    IT IS FURTHER ORDERED THAT:

8          A.      JUDGMENT IS HEREBY ENTERED in favor of the Commission and

9    against Defendants, jointly and severally, in the amount of thirty million dollars

10   ($30,000,000).

11         *Provided, however*, that this judgment shall be suspended and shall be deemed to be

12   fully satisfied upon completion of the requirements in Subsection B and, to the extent

13   applicable, Subsection C, of this Part.  If, upon motion by the Commission, the Court finds

14   that the defendants failed to comply fully with those requirements, the monetary judgment

15   shall be deemed unsatisfied and the entire judgment shall be immediately due and payable.

16   Should this judgment be modified as to the monetary liability of Defendants, this Order in all

17   other respects shall remain in full force.  Any proceedings instituted under this Part shall be

18   in addition to and not in lieu of any other proceedings the Commission may initiate to

19   enforce this Order.  Solely for the purposes of enforcing this Order, Defendants waive any

20   right to contest any of the allegations set forth in the Complaint filed in this matter or the

21   monetary judgment referenced above.

22         B.      In the event that the Wilson Class Action Settlement (the "Wilson

23                 Settlement") is finally approved by the court:

24               1.      If the aggregate amount of valid settlement members' claims, court-

25                  approved attorneys' fees and litigation costs, and any court-approved

26

1    incentive payment to the named plaintiff in the Wilson Class Action

2    ("Wilson Class Action Payments") exceeds $23.51 million:

3        a.    Defendants shall deposit into a segregated interest-bearing

4              escrow account an amount necessary to satisfy valid settlement

5              members' claims, up to a maximum deposit of six million five

6              hundred thousand dollars ($6,500,000) (the "FTC Redress

7              Payment").  Such deposit shall be made on or before October

8              13, 2008.

9        b.    In the event that defendants choose to deposit the FTC Redress

10             Payment prior to October 13, 2008, the balance of the escrow

11             account, up to a maximum of the amount of the FTC Redress

12             Payment that is not necessary to satisfy valid settlement

13             members' claims, shall be returned to Defendants within thirty

14             (30) days after completion of the Wilson Class Action

15             Payments.

16       c.    Any portion of the FTC Redress Payment that is not ultimately

17             disbursed due to the failure of class members to cash claims

18             checks shall be disgorged to the Commission, within thirty (30)

19             days of the expiration date of the checks.

20    2.   If the Wilson Class Action Payments total $23.51 million or less,

21         Defendants shall have no obligation to make any additional payments.

22    3.   Any funds deposited under Subsection B(1) of this Part shall be made

23         available to the Wilson Class Action Claims Administrator to timely

24         pay valid settlement members' claims in accordance with the

25         procedures set forth in Sections 2 through 4, inclusive, of the Wilson

26

1    Stipulation and Agreement of Settlement, and Paragraphs 13 through

2    15, inclusive, of the Wilson Class Action Preliminary Approval Order.

3    C.    In the event that valid claims of Wilson settlement class members are not paid

4  within thirty (30) days of the time provided under the finally approved Wilson Class Action

5  Settlement or payment by Defendants of at least $23.5 million is not made by December 31,

6  2009 in connection with a class action proceeding challenging conduct similar to that

7  challenged by the Commission in this proceeding, except in the instance in which the

8  obligation to make such payment has not become effective because of the pendency of an

9  appeal, the time to appeal has not been exhausted, or similar procedural bases:

10    1.    Defendants shall transfer the balance of any funds deposited pursuant

11    to Subsection B(1) of this Part into an account administered by the

12    Commission ("the FTC redress fund"). Defendants shall deposit

13    additional funds into the FTC redress fund as necessary to total either

14    i) $30 million, if no other class action settlement has become final; or

15    ii) $30 million less the gross amount of such settlement (the aggregate

16    amount of valid settlement class members' claims, court-approved

17    attorneys' fees and litigation costs, and any other court-approved

18    expenses for the benefit of the class and/or its counsel). Any such

19    transfer and deposit shall be made within thirty (30) days of the earlier

20    of: i) failure to timely pay valid class members' claims under a finally

21    approved Wilson Class Action Settlement, or ii) failure to timely pay

22    at least $23.5 million in a class action proceeding challenging conduct

23    similar to that challenged by the Commission in this proceeding,

24    where the class action settlement has been finally approved on or

25    before December 31, 2009.

26

-10-

2.       The FTC redress fund shall be used by the Commission or its agents for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. A consumer shall have the right to participate in the redress distribution only upon signing a waiver of rights to make any subsequent claim against defendants for the amount of the refund received. Defendants shall have no right to contest the manner of distribution chosen by the Commission.

3.       Within ten (10) days of the deposit of the FTC redress funds, Airborne Health shall provide to the Commission all information in its possession relating to valid consumer claims submitted in the Wilson Class Action.

4.       Within 30 (thirty) days of completion of the Commission-administered redress program and payment of administration costs, the Commission shall authorize closure of the FTC redress fund and the return of any remaining balance, up to a maximum of $6,500,000, to the Defendants. The Commission shall deposit any remaining funds to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Part.

D.     If this judgment set forth above is not suspended, or such judgment is reinstated based on defendants' failure to complete fully the requirements set forth in Subsection B and, to the extent applicable, Subsection C above, the following provisions shall apply:

-11-

1.    The full amount of that judgment shall immediately become due, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, less any payments already made.

2.    In the event of default on any obligation to make payment under this Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment. In the event such default continues for ten (10) calendar days beyond the date payment is due, the entire amount shall immediately become due and payable. Defendants shall be jointly and severally liable for all payments required by this Order and any interest on such payments.

3.    All funds paid to the Commission pursuant to this Subsection shall be deposited into an account administered by the Commission or its agents to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Subsection. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

-12-

4.      Defendants relinquish all dominion, control and title to the funds paid, and all legal and equitable title to the funds vests in the Treasurer of the United States and in the designated consumers. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any Defendant, Defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

5.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a non-dischargeability complaint in any bankruptcy case.

6.      In accordance with 31 U.S.C § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

7.      Proceedings instituted under this Part are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

-13-

1    E.    Defendants shall pay all amounts due to be paid to the Commission under this

2  Order in cash by electronic funds transfer to the Commission, or to such agent as the

3  Commission may direct, pursuant to instructions provided by the Commission.

4                                          **V.**

5              **COMPLIANCE MONITORING BY THE COMMISSION**

6        IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating

7  compliance with any provision of this Order:

8    A.    Within ten (10) days of receipt of written notice from a representative of the

9  Commission, Defendants each shall submit additional written reports, sworn to under penalty

10  of perjury; produce documents for inspection and copying; appear for deposition; and/or

11  provide entry during normal business hours to any business location in such Defendant's

12  possession or direct or indirect control to inspect the business operation, *provided that*

13  Defendants, after attempting to resolve a dispute without court action and for good cause

14  shown, may file a motion with this Court seeking an order including one or more of the

15  protections set forth in Fed. R. Civ. P. 26(c).

16    B.    In addition, the Commission is authorized to monitor compliance with this

17  Order by all other lawful means, including but not limited to the following:

18        1.    Obtaining discovery from any person, without further leave of court,

19              using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36,

20              and 45; and

21        2.    Posing as consumers, marketers, manufacturers, suppliers,

22              wholesalers, retailers, distributors, or other product-related entities to

23              any Defendant, its employees, or any other entity managed or

24              controlled in whole or in part by any Defendant, without the necessity

25              of identification or prior notice.

26

-14-

1    C.    Defendants each shall permit representatives of the Commission to interview

2    any officer, director, employee, employer, consultant, independent contractor, representative,

3    or agent who has agreed to such an interview, relating in any way to any conduct subject to

4    this Order.  The person interviewed may have counsel present.

5        *Provided, however*, that nothing in this Order shall limit the Commission's lawful use

6    of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-

7    1, to obtain any documentary material, tangible things, testimony, or information relevant to

8    unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15

9    U.S.C. § 45(a)(1)).

10                                          **VI.**

11                **COMPLIANCE MONITORING BY DEFENDANTS**

12        IT IS FURTHER ORDERED that for a period of five (5) years after the date of entry

13   of this Order, Defendants, in connection with the manufacturing, labeling, advertising,

14   promotion, offering for sale, or distribution of any Covered Product, in or affecting

15   commerce, shall take reasonable steps sufficient to monitor and ensure that all of their

16   employees and agents engaged in sales, order verification, or other customer service

17   functions comply with the provisions of this Order.  Such steps shall include adequate

18   monitoring of all advertisements, promotions, sales presentations, and other oral and written

19   communications between the Defendants and their customers regarding Covered Products.

20   Defendants, at a minimum, shall:

21       A.    Conduct periodic monitoring of representations concerning any Covered

22             Product made by persons engaged in sales or other customer service

23             functions, including representations made orally or through electronic

24             communications, on behalf of Defendants; and

25

26

-15-

1      B.     Conduct periodic monitoring of representations made about any Covered

2                Product on all Internet websites operated or maintained by Defendants or their

3                agents.

4  The term "agents" as used in this Part does not include distributors, resellers, or retailers.

5  **VII.**

6  **COMPLIANCE REPORTING**

7        IT IS FURTHER ORDERED that, in order that compliance with the provisions of

8  this Order may be monitored:

9      A.     For a period of three (3) years from the date of entry of this Order,

10           1.     Defendants Airborne Health and Airborne Holdings shall notify the

11                 Commission in writing of any changes in the corporate structure of

12                 Airborne Health, Airborne Holdings, or any other business entity that

13                 one or both directly or indirectly control, or have an ownership interest

14                 in, that may affect compliance obligations arising under this Order,

15                 including but not limited to a dissolution, assignment, sale, merger, or

16                 other action that would result in the emergence of a successor entity;

17                 the creation or dissolution of a subsidiary, parent, or affiliate that

18                 engages in any acts or practices subject to this Order; the filing of a

19                 bankruptcy petition; or a change in the corporate name or address, at

20                 least thirty (30) days prior to such change, *provided that*, with respect

21                 to any proposed change in the corporation about which Airborne

22                 Health or Airborne Holdings learn less than thirty (30) days prior to

23                 the date such action is to take place, the Commission shall be notified

24                 as soon as is practicable after obtaining such knowledge.

25           2.     Individual Defendants shall notify the Commission in writing of the

26                 following:

a.    Any changes in residence, mailing addresses, and telephone numbers, within ten (10) days of such change;

b.    Any changes in employment status (including self-employment) and any change in ownership in any business entity, within ten (10) days of such change. Such notice shall include the name and address of each business that he or she is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of his or her duties and responsibilities in connection with the business or employment;

c.    Any changes in the Defendant's name or use of alternate names; and

d.    Any changes in the corporate structure of any business entity that an Individual Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change about which an Individual Defendant learns less than thirty (30) days prior to the date such action is to take place, the Commission shall be

-17-

1    notified as soon as is practicable after obtaining such

2    knowledge.

3         B.    Sixty (60) days after the date of entry of this Order, each Defendant shall

4    provide a written report to the Commission, sworn to under penalty of perjury, setting forth

5    in detail the manner and form in which they have complied and are complying with this

6    Order, including identification of all Covered Products that they advertise or sell, and copies

7    of all their current advertising for such Covered Products.  This report shall include, but not

8    be limited to:

9                1.    For all Defendants:

10                    a.    A copy of each acknowledgment of receipt of this Order

11                        obtained pursuant to Part XI and the list of recipients of the

12                        notices distributed pursuant to Parts IX and X; and

13                    b.    Any other changes required to be reported under Subsection A

14                        of this Part.

15               2.    For each Individual Defendant:

16                    a.    Then-current residence address, mailing addresses, and

17                        telephone numbers; and

18                    b.    Then-current employment and business addresses and

19                        telephone numbers; a description of the business activities of

20                        each such employer or business, and his or her title and

21                        responsibilities, for each such employer or business.

22        C.    For purposes of the compliance reporting and monitoring required by this

23   Order, the Commission is authorized to communicate directly with each Defendant.

24

25

26

## VIII.

### RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants and their agents, employees, officers, and corporations, and any business (1) in which any Individual Defendant is a majority owner or otherwise directly or indirectly controls the business, and where (2) the business is engaged, directly or indirectly, in the advertising, marketing, promotion, offering for sale, distribution, or sale of any Covered Product, are hereby permanently restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of Covered Products sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of Covered Products purchased, and description of Covered Products purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaint and refund requests (whether received directly, indirectly, or through any third party), including but not limited to reports of adverse incidents claimed to be associated with the use of a Covered Product, and any responses to those complaints or requests;

E.    Copies of all advertisements, promotional materials, sales scripts, training materials, websites, or other marketing materials utilized in the advertising,

-19-

1   marketing, promotion, offering for sale, sale, or distribution of any Covered

2   Product;

3   F.   All materials that were relied upon in making any representations contained in

4   the materials identified in Subsection E of this Part, including all documents

5   evidencing or referring to the accuracy of any claim therein or to the efficacy

6   of any Covered Product, including, but not limited to, all tests, reports,

7   studies, demonstrations, or other evidence that confirm, contradict, qualify, or

8   call into question the accuracy or efficacy of each such product, including

9   complaints and other communications with consumers or with governmental

10   or consumer protection agencies;

11   G.   Records accurately reflecting the name, address, and telephone number of

12   each manufacturer or laboratory engaged in the development or creation of

13   any testing obtained for the purpose of manufacturing, labeling, advertising,

14   marketing, promoting, offering for sale, selling, or distributing any Covered

15   Product;

16   H.   Copies of all contracts concerning the manufacturing, labeling, advertising,

17   marketing, promotion, offering for sale, sale, or distribution of any Covered

18   Product; and

19   I.   All records and documents necessary to demonstrate full compliance with

20   each provision of the Order, including but not limited to, copies of

21   acknowledgments of receipt of this Order and all reports submitted to the

22   Commission pursuant to this Order.

23   **IX.**

24   **NOTICE TO DISTRIBUTORS, RESELLERS, AND RETAILERS**

25   IT IS FURTHER ORDERED that Airborne Health, alone or in conjunction with

26   Airborne Holdings, shall send as soon as practicable, but in no event later than thirty (30)

1   days after entry of this Order, by first-class mail, postage prepaid and return receipt

2   requested, an exact copy of the notice attached hereto as Attachment B, showing the date of

3   mailing, to each distributor, reseller, and retailer who purchased or otherwise received any

4   Airborne Product directly from Corporate Defendants on or after June 1, 2005, and who

5   continues to market Airborne Products.  This notice shall also be sent, as described above,

6   for the next five (5) years from the date of entry of this Order, to each new distributor,

7   reseller, and retailer who purchases or otherwise receives any Airborne Product directly from

8   Corporate Defendants after the date of entry of this Order; such notice must be received

9   before or at the same time as the new distributor, reseller, or retailer receives its first

10  shipment of Airborne Product(s).  The notice required by this paragraph shall not include any

11  other document or enclosures and may be sent to the principal place of business of each such

12  distributor, reseller, or retailer.

13                                          **X.**

14                            **DISTRIBUTION OF ORDER**

15         IT IS FURTHER ORDERED that, for a period of three (3) years from the date of

16  entry of this Order, Defendants shall deliver copies of the Order as directed below:

17         A.     Airborne Health and Airborne Holdings shall deliver a copy of this Order to

18  all of its principals, officers, directors, and managers, and to all current or newly hired

19  employees, agents, representatives, consultants, and independent contractors who engage in

20  conduct related to the subject matter of this Order.  For current personnel, delivery shall be

21  within five (5) days of service of this Order upon Defendants.  For new personnel, delivery

22  shall occur prior to their assuming a position or engaging in conduct related to the subject

23  matter of this Order.

24         B.     Individual Defendant As Control Person:  For any business that is controlled,

25  directly or indirectly, by any Individual Defendant or in which any Individual Defendant has

26  a majority ownership interest, that Individual Defendant shall deliver a copy of this Order to

-21-

1    all principals, officers, directors, and managers of such business, and to all current or newly

2    hired employees, agents, representatives, consultants, and independent contractors who

3    engage in conduct related to the subject matter of this Order.  For current personnel, delivery

4    shall be within five (5) days of service of this Order upon Defendants.  For new personnel,

5    delivery shall occur prior to their assuming a position or engaging in conduct related to the

6    subject matter of this Order.

7            C.      Individual Defendant Not As Control Person: For any business in which an

8    Individual Defendant is not a control person but otherwise engages in conduct related to the

9    subject matter of this Order, that Individual Defendant shall deliver a copy of this Order to

10   all principals and managers of such business with supervisory authority over the Defendant

11   before engaging in such conduct.

12          D.      Defendants shall obtain a signed and dated statement acknowledging receipt

13   of the Order, within thirty days of delivery, from all persons receiving a copy of the Order

14   pursuant to this Part.

15                                         **XI.**

16              **ACKNOWLEDGMENT OF RECEIPT OF ORDER**

17          IT IS FURTHER ORDERED that each Defendant, within seven (7) business days

18   after receipt of this Order as entered by the Court, shall submit to the Commission a truthful

19   sworn statement acknowledging receipt of this Order.

20

21

22

23

24

25

26

-22-

**XII.**

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED:**

Dated: _Sept 5 2008_

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

_____
CHRISTINE J. LEE
THEODORE H. HOPPOCK
GREGORY W. FORTSCH
600 Pennsylvania Avenue NW, NJ-3212
Washington, DC 20580
Tel: 202-326-2095
Fax: 202-326-3259
Attorneys for Plaintiff
Federal Trade Commission

_____
VICTORIA KNIGHT-MCDOWELL,
Individually, and as Former Co-Owner,
President, and Secretary of AIRBORNE,
INC.

_____
THOMAS JOHN MCDOWELL,
Individually, and as Former Co-Owner, and
Chief Executive Officer of AIRBORNE,
INC.

_____
AIRBORNE HEALTH, INC.,
also d/b/a AIRBORNE, INC.
By: ELISE DONAHUE, CEO

_____
AIRBORNE HOLDINGS, INC.
By: ELISE DONAHUE, CEO

_____
JOAN Z. BERNSTEIN
DANA B. ROSENFELD
Bryan Cave LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-508-6000
Fax: 202-508-6200
Attorneys for Victoria Knight-McDowell
and Thomas John McDowell

_____
HELENE D. JAFFE
BRUCE A. COLBATH
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel: 212-310-8000
Fax: 212-310-8007
Attorneys for Airborne Health, Inc., and
Airborne Holdings, Inc.

-23-

1

**XII.**

2

**RETENTION OF JURISDICTION**

3   IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

4   purposes of construction, modification, and enforcement of this Order.

5

6   **SO ORDERED:**

7   Dated: _____

_____

8                                                    UNITED STATES DISTRICT JUDGE

**SO STIPULATED:**

9

10

CHRISTINE J. LEE                              VICTORIA KNIGHT-MCDOWELL,

11   THEODORE H. HOPPOCK                    Individually, and as Former Co-Owner,
GREGORY W. FORTSCH                      President, and Secretary of AIRBORNE,

12   600 Pennsylvania Avenue NW, NJ-3212    INC.
Washington, DC 20580

13   Tel: 202-326-2095
Fax: 202-326-3259

14   Attorneys for Plaintiff                _____
Federal Trade Commission               THOMAS JOHN MCDOWELL,

15                                                    Individually, and as Former Co-Owner, and
Chief Executive Officer of AIRBORNE,

16                                                    INC.
_____

17   AIRBORNE HEALTH, INC.,
also d/b/a AIRBORNE, INC.

18   By: ELISE DONAHUE, CEO               _____
JOAN Z. BERNSTEIN

19                                                    DANA B. ROSENFELD
Bryan Cave LLP

20   _____    700 13th Street, NW
AIRBORNE HOLDINGS, INC.                Washington, DC 20005

21   By: ELISE DONAHUE, CEO               Tel: 202-508-6000
Fax: 202-508-6200

22                                                    Attorneys for Victoria Knight-McDowell
and Thomas John McDowell

23   HELENE D. JAFFE
BRUCE A. COLBATH

24   Weil, Gotshal & Manges LLP
767 Fifth Avenue

25   New York, NY 10153
Tel: 212-310-8000

26   Fax: 212-310-8007
Attorneys for Airborne Health, Inc., and
Airborne Holdings, Inc.

-23-

1          ## XII.

2          ### RETENTION OF JURISDICTION

3          IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

4    purposes of construction, modification, and enforcement of this Order.

5

6    **SO ORDERED:**

7    Dated: _7/24/08_                          _____

8                                              UNITED STATES DISTRICT JUDGE

     **SO STIPULATED:**
9

10   _____          _____
     CHRISTINE J. LEE                          VICTORIA KNIGHT-MCDOWELL,
11   THEODORE H. HOPPOCK                        Individually, and as Former Co-Owner,
     GREGORY W. FORTSCH                         President, and Secretary of AIRBORNE,
12   600 Pennsylvania Avenue NW, NJ-3212        INC.
     Washington, DC 20580
13   Tel: 202-326-2095
     Fax: 202-326-3259
14   Attorneys for Plaintiff                    _____
     Federal Trade Commission                  THOMAS JOHN MCDOWELL,
15                                              Individually, and as Former Co-Owner, and
                                                Chief Executive Officer of AIRBORNE,
16   _____Elise Donahue_____                 INC.
17   AIRBORNE HEALTH, INC.,
     also d/b/a AIRBORNE, INC.
18   By: ELISE DONAHUE, CEO
                                                _____
19   _____Elise Donahue_____                 JOAN Z. BERNSTEIN
                                                DANA B. ROSENFELD
20   AIRBORNE HOLDINGS, INC.                    Bryan Cave LLP
     By: ELISE DONAHUE, CEO                     700 13th Street, NW
21                                              Washington, DC 20005
                                                Tel: 202-508-6000
22                                              Fax: 202-508-6200
                                                Attorneys for Victoria Knight-McDowell
23   _____          and Thomas John McDowell
     HELENE D. JAFFE
24   BRUCE A. COLBATH
     Weil, Gotshal & Manges LLP
25   767 Fifth Avenue
     New York, NY 10153
26   Tel: 212-310-8000
     Fax: 212-310-8007
     Attorneys for Airborne Health, Inc., and
     Airborne Holdings, Inc.

                                     -23-

1

## XII.

2

## RETENTION OF JURISDICTION

3       IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

4   purposes of construction, modification, and enforcement of this Order.

5

6   **SO ORDERED:**

7   Dated: _____

   _____
   UNITED STATES DISTRICT JUDGE

8
   **SO STIPULATED:**
9

10
   CHRISTINE J. LEE
11  THEODORE H. HOPPOCK
   GREGORY W. FORTSCH
12  600 Pennsylvania Avenue NW, NJ-3212
   Washington, DC 20580
13  Tel: 202-326-2095
   Fax: 202-326-3259
14  Attorneys for Plaintiff
   Federal Trade Commission
15

16

17  AIRBORNE HEALTH, INC.,
   also d/b/a AIRBORNE, INC.
18  By: ELISE DONAHUE, CEO

19

20  AIRBORNE HOLDINGS, INC.
   By: ELISE DONAHUE, CEO
21

22

23  HELENE D. JAFFE
   BRUCE A. COLBATH
24  Weil, Gotshal & Manges LLP
   767 Fifth Avenue
25  New York, NY 10153
   Tel: 212-310-8000
26  Fax: 212-310-8007
   Attorneys for Airborne Health, Inc., and
   Airborne Holdings, Inc.

_____
VICTORIA KNIGHT-MCDOWELL,
Individually, and as Former Co-Owner,
President, and Secretary of AIRBORNE,
INC.

_____
THOMAS JOHN MCDOWELL,
Individually, and as Former Co-Owner, and
Chief Executive Officer of AIRBORNE,
INC.

_____
JOAN Z. BERNSTEIN
DANA B. ROSENFELD
Bryan Cave LLP
700 13th Street, NW
Washington, DC 20005
Tel: 202-508-6000
Fax: 202-508-6200
Attorneys for Victoria Knight-McDowell
and Thomas John McDowell

-23-

**ATTACHMENT A1**
EXISTING AIRBORNE PRODUCTS PACKAGING
INVENTORY SUBJECT TO PART I

1. All finished goods inventory paper cartons of Airborne Original (all flavors) with a substantially similar label to that depicted in Attachment A2.

2. All finished goods inventory paper cartons of Airborne Jr. Effervescent Health Formula and Airborne Nighttime Effervescent Health Formula.

3. All finished goods cardboard display trays already packaged with cartons of Airborne Products specified in Paragraphs 1 and 2, above.

-24-

# ATTACHMENT A2

AIRBORNE AIRBORNE AIRBO
#1 Best Seller in the USA!
Airborne
ZESTY ORANGE
DIETARY SUPPLEMENT
Airborne
ORIGINAL ZESTY ORANGE
EFFERVESCENT HEALTH FORMULA
A DIETARY SUPPLEMENT
The original immune-boosting tablet that helps your body fight germs.†
CREATED BY A SCHOOL TEACHER!
CONTENTS: 1 TUBE
ORIGINAL ZESTY ORANGE
• 1,000mg of Vitamin C!
• Seven Herbal Extracts!
• Antioxidants!
• Electrolytes!
• Amino Acids!
• Tastes Great!
FOR USE IN:
▶ Airplanes
▶ Offices
▶ Schools
▶ Restaurants
▶ Health Clubs
▶ Theaters...
HAVE YOU TAKEN YOUR AIRBORNE?
"Thank you for using Airborne! I created Airborne because, as a teacher, I needed help supporting my immune system, especially in the classroom."†
—Victoria Knight-McDowell, 2nd grade teacher & developer of Airborne Formula.
6 47865 10001 0
Proof of Purchase
Supplement Facts
AIRBORNE

**ATTACHMENT B**
GOVERNMENT-ORDERED DISCLOSURE
[on Airborne Health, Inc. letterhead]

[Insert Date]

[Addressee]

Dear Airborne Health, Inc. Distributor, Reseller, or Retailer:

In a recent lawsuit, the Federal Trade Commission (FTC) charged our company with making deceptive claims for Airborne Effervescent Health Formula and other Airborne branded products. According to the FTC, we lacked scientific evidence that our products prevent colds, protect against germs, reduce the severity or duration of colds, or protect against colds, sickness, or infection in crowded places. Although we dispute the FTC's charges, we have agreed to settle the lawsuit.

To comply with the court's order in this case, we instruct you to immediately refrain and/or stop using advertising or promotional materials that claim that Airborne Effervescent Health Formula (all flavors), Airborne Jr., Airborne On-the-Go, Airborne Power Pixies, or Airborne Nighttime:

- reduces the risk of or prevents colds, sickness, or infection;

- protects against or helps fight germs;

- reduces the severity or duration of colds; or

- protects against colds, sickness, or infection in crowded places like airplanes, offices, or schools.

You may continue to sell your existing inventory of current Airborne products.

If you have any questions, please call [insert name and telephone numbers of the responsible Airborne Health, Inc. Attorney or Officer].

Sincerely,
Elise Donahue, Chief Executive Officer
Airborne Health, Inc.

-26-